### In re ROSENBERG'S ESTATE.

#### (Surrogate's Court, New York County. May 8, 1908.)

1. TAXATION (§ 865*)—TRANSFER TAXES—PROPERTY SUBJECT.

   A joint deposit in a savings bank, made up of sums previously given by decedent to his wife, is not taxable under the transfer tax law.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 865.*]

2. TAXATION (§ 865*)—TRANSFER TAXES—PROPERTY SUBJECT.

   A deposit in a savings bank in trust for another is taxable, after the death of the depositor, under the transfer tax law, so far as the deposit represents deposits made by the deceased depositor out of his own funds.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 865.*]

3. TAXATION (§ 895*)—TRANSFER TAXES—PROPERTY SUBJECT.

   A claim in favor of a decedent, which has no present value, must be deducted from the taxable estate for the purpose of taxation under the transfer tax law.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 895.*]

In the matter of the estate of Henry Rosenberg, deceased. Heard on appeal from order fixing the transfer tax. Order fixing the tax modified.

Solomon S. Leff, for administrator.
John S. Jenkins, for State Comptroller.

THOMAS, S. The business conducted by the decedent, in premises rented by the month, owed much of its value to the confidence inspired in customers by the presence of the decedent. I fix the value of the good will at $800, or two years' purchase of the net profits, after allowing $2,000 per year for the decedent's services.

The joint deposit in the Bank for Savings was made up of sums which appear to have been previously given by the decedent to his wife, and such deposit is not taxable. The deposit in the Dry Dock Savings Institution in trust for Mildred Adler is taxable, in so far as it represents deposits made by the decedent out of his own funds. Estate of Henry I: Barbey, 114 N. Y. Supp. 725.

It appears by the testimony of Jacob Rosenberg that $20 of the amount taxed was contributed by him, and a reduction must be made to that extent. The claim against A. Woticky must also be deducted from the taxable estate, as it appears to have no present value.

The order fixing tax will be modified as above indicated. Settle order on notice.